UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

GREGORY HOLWERDA and CHERYL
FAYE HOLWERDA,

                  Debtors.

_____/

Case No. DG 09-07725
Hon. Scott W. Dales
Chapter 7

**MEMORANDUM OF DECISION AND ORDER
REGARDING RECONSIDERATION MOTION**

By order dated May 4, 2010, the court granted Chapter 7 Trustee John Porter's motion to approve a sale of the bankruptcy estate's interest, if any, in thirteen limited-liability companies (the "LLC Interests") to Dan Holwerda, over the objection of City Realty Corporation ("City"). City filed a motion under Rule 9023 and 9024 (the "Reconsideration Motion," DN 94), asking the court to reconsider its decision to approve the sale.    The court has reviewed the Reconsideration Motion, and concludes that it will deny the relief requested without putting the estate to the expense or delay of responding.

Reconsideration of a court's order may be appropriate in limited circumstances, but only "where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *See GenCorp. Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *In re Ying Ly*, 350 B.R. 757, 759 (Bankr. W.D. Mich. 2006).   City's Reconsideration Motion offers no such reason to revisit the decision the court has already reached with respect to the sale of the LLC Interests.   The Reconsideration Motion simply amplifies arguments the court has already rejected and raises new arguments which "could, and should, have been made before" the court approved the sale. *Sault Ste. Marie*

*Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). For example, the court has rejected City's argument based on a right to specific performance, largely on procedural grounds. As for the argument premised on "good faith," the court similarly considered the allegation surrounding the successful bidder's supposed role in undermining the first sale, and concluded that the sale should nevertheless proceed because it promised a greater return to creditors. As the court has previously stated, bankruptcy courts enjoy considerable discretion in approving bankruptcy sales. *Matter of Embrace Systems Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995). Moreover, City had an opportunity to outbid the successful bidder during the courtroom auction phase of the hearing, but declined to do so.

City's disappointment in the outcome of the sale hearing does not justify reconsideration, or further delay in this case.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Reconsideration Motion (DN 94) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision Regarding Reconsideration Motion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Robert F. Wardrop, II, Esq., John A. Porter, Esq., Harold E. Nelson, Esq., David W. Charron, Esq., James M. Keller, Jr., Esq., and the United States Trustee.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: May 17, 2010**